In the Matter of ABRAHAM KRISSOFF, an Attorney, Respondent.

First Department, December 8, 1933.

*Einar Chrystie,* for the petitioner.

No appearance for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, Second Department, on July 25, 1923, under the name of Abram Krissoff.

By the petition herein he is charged with professional misconduct in that he converted to his own use money intrusted to him by his client. The respondent filed no answer to said charges.

The matter was referred to a referee to take proof of the charges and to report the same to this court with his opinion thereon. The respondent made no appearance at the hearing notwithstanding personal service of notice thereof upon him. Upon the evidence adduced by the petitioner, the learned referee has duly reported, finding the respondent guilty as charged. The petitioner now moves that the report of the referee be confirmed and that this court take such action as it may deem just and proper.

The facts are as follows: The respondent was retained by one Harry Greenberg to collect a claim of $2,500 against the partnership of Gold & Sustick. He collected $1,500 on account, which amount he remitted to Greenberg, less $250, which had been agreed upon as the fee of the respondent for the collection of the full amount and interest. Subsequently, a judgment was obtained against the partnership for the balance of the claim. On this judgment respondent received from the sheriff of Kings county the sum of $950, representing the amount of the judgment, $1,000, less sheriff's fees of $50. Respondent then gave Greenberg a check for $1,000, stating he would pay the sheriff's fee and keep the interest on the judgment. The check was deposited by Greenberg and returned unpaid. Subsequently, the respondent gave Greenberg two checks for $500 each. One of these was paid, and the other returned unpaid. Respondent then gave Greenberg three checks for $100 each, which, on deposit, were returned unpaid. Later, Greenberg received from the respondent $240, leaving a balance of $260 of the $1,000 received by the respondent, as aforesaid.

It further appears that in December, 1930, the respondent was retained by Harry Greenberg to foreclose a second mortgage upon certain premises. In connection with this action respondent informed Greenberg that in order to protect his second mortgage Greenberg would have to make a payment of $1,550 on the first mortgage. Acting upon this representation, Greenberg gave to respondent a check for $1,550 for the purpose of making such payment. Respondent's representation to Greenberg was false in that there was only $1,200 due on the first mortgage. Respondent paid that amount and converted to his own use the balance of $350.

The respondent, in connection with the aforesaid foreclosure, further represented to Greenberg that an additional sum of $1,480 was needed to pay interest and other charges due upon the first mortgage, whereupon Greenberg gave respondent a check for that amount. Respondent used $820 to pay interest and expenses in connection with the foreclosure, and converted to his own use the balance of $660. Subsequent to the hearing before the griev-

ance committee of the petitioner, Greenberg received from a brother of the respondent, in exchange for a general release, amounts totaling $575 in partial refund of said $660.

It further appears that in May, 1930, the respondent was retained by the partnership of Belkin & Cohen to effect a settlement with its creditors, among whom was one named James A. McCafferty & Sons Mfg. Co., Inc. Respondent reported to Belkin & Cohen that a settlement had been effected on May 13, 1930, and furnished Belkin & Cohen with a signed statement reciting receipts of $3,195 from or on behalf of Belkin & Cohen and listing disbursements to the different creditors, including a disbursement item " James A. McCafferty & Sons, $152.62." Respondent was paid his fee in full for his services in connection with this settlement. Belkin & Cohen heard nothing further regarding the matter until an action was brought against them by McCafferty & Sons Mfg. Co., Inc., for a portion of the claim which they understood had been settled. This action was discontinued and another action instituted by McCafferty & Sons Mfg. Co., Inc., for the entire claim of $694.75. Upon the institution of this action, Belkin & Cohen took the matter up with respondent, who informed them for the first time that the check respondent had sent McCafferty & Sons Mfg. Co., Inc., for $152.62 had never been cashed. The respondent had in the meantime closed out his account upon which the check had been drawn. Although respondent interposed an answer on behalf of Belkin & Cohen, he defaulted on the trial and judgment was entered against his client on March 14, 1932, for $762.32. Belkin & Cohen eventually were obliged to settle this case by paying the sum of $200. Although respondent promised to return to Belkin & Cohen the sum of $152.62, he failed to pay any part thereof but converted the entire sum to his own use.

The respondent quite obviously is unfit to remain a member of the bar. He should be disbarred.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondent disbarred.